**BMB LAW FIRM, P.C.**
60 Park Place, Suite 1000
Newark, New Jersey 07102
T: (973) 693-4444
F: (973) 693-4441
Attorneys for Plaintiff, Keylier Harris

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| |
|---|
| KEYLIER HARRIS,<br><br>               Plaintiff,<br><br>vs.<br><br>SARGEANT. F. SOTO; STATE TROOPER D. CRAWFORD; COL. JOSEPH R. FUENTES, CHIEF OF NEW JERSEY STATE POLICE; NEW JERSEY STATE POLICE; ROBERT LOUGHY, ACTING NEW JERSEY ATTORNEY GENERAL; STATE OF NEW JERSEY OFFICE OF THE ATTORNEY GENERAL; JOHN DOES 1-5, and ABC PUBLIC ENTITIES 1-5 (being fictitious names of as yet unidentified parties),<br><br>               Defendants. |

CASE NO.:  16-cv-2251

COMPLAINT and JURY DEMAND

## **FACTS**

### *Part 1*

1.)     Plaintiff is a forty-one year old African-American man residing at 220 Prospect Street,

Apt. A4H, East Orange, New Jersey.

2.)     Defendants Sargeant F. Soto and Trooper D. Crawford are employees of the New Jersey

State Police, the police force of the State of New Jersey.

1

3.)     Col. Joseph R. Fuentes is the Chief of the New Jersey State Police.

4.)     Robert Loughy is the Acting Attorney General of the State of New Jersey.

5.)     John Does 1-5 are other officers, heretofor unknown, who participated in the actions stated herein.

6.)     ABC Public Entities 1-5 are heretofore unknown public entities that employed John Does 1-5 or otherwise participated in the actions stated herein.

7.)     On May 1, 2014 at approximately 8:00 PM, Defendants Soto and Crawford brutally beat Plaintiff without justification while placing him under arrest without probable cause.

8.)     On May 1, 2014 at approximately 8:00 PM, Sgt. F. Soto and Tpr. D. Crawford responded to a call from the City of Newark or ABC Public Entities 1-5 about a black man with a handgun at the intersection of Aldine Street and Lyons Avenue in Newark, New Jersey.

9.)     Further updates stated that the suspect was trying to rob patrons at gunpoint at the Oasis Bar.

10.)    At no point did the police enter the Oasis Bar to investigate.

11.)    Three people were actually shot by a gunman at the Oasis Bar that night, two of them fatally.

12.)    As Soto and Crawford approached the Oasis Bar, they saw a black man with a gun in his hand assaulting another black man.

13.)    The victim of the assault was Plaintiff Keylier Harris.

14.)    When the assailant saw the police, he dropped his gun and ran.

15.)    After the suspect fled, Harris wished to leave the scene without talking to the police.

16.)    Harris has paranoid schizophrenia.

17.)    The police became hostile to Harris for his reticence, and proceeded to arrest him for not speaking with them and leaving the scene.

18.)    Harris was subdued by the officers with punches.

19.)    As they were arresting him, one of the officers began whispering racial slurs in Plaintiff's ears.

20.)    Soto punched Harris so hard that Soto had to have medical treatment on his hand.

21.)    Nevertheless, police noted only "moderate injuries" from the altercation at the illegal arrest.

22.)    Soto and Crawford took Harris to the Metro North Station.

23.)    Officer Crawford wrote in a report that Harris "jerked his body" when his handcuffs were being removed, lost his balance, fell, and struck his face on a metal bench within the holding cell, causing a laceration to develop over his left eye.

24.)    Later, at Harris's criminal trial, Officer Crawford admitted that he never actually witnessed this alleged fall.

25.)    No officer at trial could testify to having witnessed the fall.

26.)    There were no cameras or photos taken of Harris's blood at the scene of this alleged fall.

27.)    EMS reported to the Metro North Station around midnight to treat Mr. Harris for a 2 to 3-inch laceration to his eye that was severe enough to necessitate transporting him to UMDNJ Hospital for stitches.

28.)     In fact, Harris did not fall, but rather, he suffered the severe laceration hours earlier when Officer Soto punched him.  Despite the deep laceration, the Officers callously transported him to the Metro North Station, where he was not given medical treatment for his laceration for hours.

29.)     As a result of the beating and his paranoid schizophrenia, Plaintiff lost the capacity to understand what had happened to him for an indeterminate period of time, but perhaps as much as several days.

### *Part 2*

30.)     At the time of the investigation and arrest, Crawford and Soto did not call for backup, despite being called to the scene of an armed robbery at a bar in a high crime area.

31.)     Crawford and Soto did not have on any recording devices despite the highly precarious and dangerous nature of the investigation.

32.)     Officer Crawford described the assailant as wearing a blue shirt and black pants in his police report.

33.)     Officer Crawford then contradicted himself in his application for a warrant, identifying the *victim* of the assault as wearing a blue shirt and black pants.

34.)     Crawford applied for the warrant knowing he had no probable cause to arrest Harris.

35.)     Crawford applied for the warrant to cover up the fact that he and Soto had arrested and used excessive force against a man whom they had no probable cause to arrest.

36.)     Crawford applied for the warrant to cover up the fact that they had let the real assailant flee and failed to call for backup or follow proper investigation protocols such as turning on recording devices.

37.)     Crawford and Soto planted a gun on Harris in order to cover up the fact that they let the real assailant go, failed to call for backup, and violated Harris's constitutional rights.

38.)     A warrant for Harris's arrest was issued.

39.)     The State of New Jersey, Office of the Attorney General indicted Plaintiff on eight counts:  unlawful possession of a weapon (first degree), aggravated assault of a police officer (third degree), aggravated assault (third degree), aggravated assault (fourth degree), resisting arrest (third degree), and unlawful possession of a weapon (first degree); possession of a weapon by a convicted person (second degree).

40.)     The case was set for trial on January 12, 2016, with Brooke M. Barnett, Esq. representing Keylier Harris at the criminal trial.

41.)     Soto and Crawford testified against Harris.

42.)     Their testimony was rife with inconsistencies.


43.)     A jury acquitted Keylier Harris of all charges.


44.)     A judgment of acquittal was entered by Judge Gizzo in the Superior Court of New Jersey

Essex County on March 2, 2016.


45.)     For his causes of action against Defendants, Plaintiff states:


## COUNT ONE

**(Fourth Amendment Violations under 42 Section 1983)**


46.)      As a direct and proximate result of the above-referenced unlawful and malicious

physical abuse of Plaintiff by Defendants Soto and Crawford and John Does 1-5, including the

false arrest, false imprisonment, excessive force, and malicious prosecution committed under the

color of law and under their authority as New Jersey State Police officers, Plaintiff suffered

serious bodily harm and aggravation of his schizophrenia and was deprived of his right to be

secure in his person against unreasonable seizure of his person, in violation of the Fourth and

Fourteenth Amendments of the Constitution of the United States.


47.)     The acts of defendants, Soto and Crawford John Does 1-5, as set forth above were

intentional, wanton, malicious, and oppressive, thus entitled Plaintiff to an award of punitive

damages.

7

**COUNT TWO**
**(Negligent Hiring, Training, and Supervision)**

48.)    The New Jersey State Police, by and through its Police Chief has the authority to make policy for the New Jersey State Police on the use of force to make arrests. The New Jersey State Police was aware of the pattern of excessive force used by police officers employed by the New Jersey State Police; they were aware that the New Jersey State Police's policies regarding the discipline of officers accused of excessive force were so inadequate that it was obvious that a failure to correct them would result in further incidents of excessive force; and the failure to correct said policies caused the excessive force to be used upon Plaintiff as set forth above. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

49.)    The State of New Jersey Office of the Attorney General, by and through its Attorney General has the authority to make policy for the New Jersey State Police on the use of force to make arrests. The Office of the Attorney General was aware of the pattern of excessive force used by police officers employed by the New Jersey State Police; they were aware that the New Jersey State Police's policies regarding the discipline of officers accused of excessive force were so inadequate that it was obvious that a failure to correct them would result in further incidents of excessive force; and the failure to correct said policies caused the excessive force to be used upon Plaintiff as set forth above. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

50.)     At all times relevant to this Complaint, Defendants Soto and Crawford, were acting under the discretion and control of Defendants Fuentes and Loughy, and were acting pursuant to the official policy, practice or custom of State of New Jersey and/or ABC Public Entities 1-5.

51.)     Acting under the color of law and pursuant to official policy, practice, and custom, of the State of New Jersey, the City of Newark, and ABC Public Entities 1-5, intentionally, knowingly, and recklessly failed to instruct, supervise, control, and disciple, on a continuing basis, Defendants Soto and Crawford and John Does 1-5, in their duties to refrain from unlawfully and maliciously assaulting and beating citizens and otherwise using unreasonable and excessive force before, during or after the making of an arrest.

52.)     Acting under the color of law and pursuant to official policy, practice, and custom, Defendants Loughy and Fuentes, intentionally, knowingly, and recklessly failed to instruct, supervise, control, and disciple, on a continuing basis, Soto and Crawford and John Does 1-5, in the correct procedure for making an arrest, for securing a prisoner who has been subdued and handcuffed, and for the proper use of force to use against a suspect.

53.)     Defendant Fuentes and Loughy had knowledge, or, had he diligently exercised their duties to instruct supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed. Fuentes and Loughy had power to prevent or aid in preventing the commission of said wrongs, could have been done so by reasonable diligence, and intentionally, knowingly, or recklessly

failed or refused to do so. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

54.)    Defendants Fuentes and Loughy, directly or indirectly, under the color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Soto and Crawford and John Does 1-5, heretofore described. The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.


## <u>COUNT THREE</u>
### (Equal Protection Clause of the Fourteenth Amendment – 42 U.S.C § 1983)

55.)    The Defendants attacked Keylier Harris based solely on his race.

56.)    The only basis for matching Keylier Harris with the description of the suspect was the fact that he was black.

57.)    Therefore, the Defendants violated Plaintiff's rights under the Fourth Amendment of the U.S. Constitution to be free from discrimination based on race.

58.)    Plaintiff seeks recompense for violation of the Fourteenth Amendment via 42 U.S.C. § 1983.

## COUNT FOUR
### (Malicious Prosecution – Tort Claim)

59.)      The criminal prosecution of Keylier Harris was done maliciously and without legal justification or probable cause.

60.)      All Defendants participated in the malicious prosecution of Plaintiff.

61.)      Keylier Harris was acquitted of all charges when the court determined that the prosecution was baseless and issued a judgment of acquittal.

## COUNT FIVE
### (Conspiracy to Violate Civil Rights – 42 U.S.C. § 1985)

62.)      The acts of Soto, Crawford, and John Does 1-5 constitute a violation of 42 U.S.C. § 1985, namely conspiracy to violate the civil rights of Plaintiff.

63.)      Soto, Crawford, and John Does 1-5 agreed and conspired to attack Plaintiff based solely on his race.

64.)      Soto, Crawford, and John Does 1-5 agreed and conspired to deprive Plaintiff of his rights under the Fourth Amendment to be free from unreasonable search and seizure.

## COUNT SIX
### (Violation of 42 U.S.C. § 1986)

65.)     Defendants had knowledge of the violation of constitutional rights perpetrated against

Plaintiff and/or the constitutional rights of other minorities but neglected and failed to prevent

these wrongful and illegal acts when they had power to.


66.)     This neglect and refusal to prevent or rectify is a violation of the Civil Rights Act, 42

U.S.C. § 1986.


**WHEREFORE**, Plaintiff respectfully demands judgment as follows:

1.     For compensatory damages against all Defendants in an amount proven at trial;

2.     For exemplary and punitive damages, against all Defendants in an amount to be

proved at trial;

3.     For costs of suit herein, including Plaintiff's reasonable attorney's fees; and

4.      For such other and further relief as the Court deems proper.


### JURY DEMAND


Plaintiff hereby demands a trial by jury as to all issues so triable.


**THE BMB LAW FIRM, P.C.**
Attorneys for Plaintiff: Keylier Harris


 /s/ Brooke M. Barnett
_____

BROOKE M. BARNETT, Esq.

Date: 5/11/16

12

## <u>DESIGNATION OF TRIAL COUNSEL</u>

Pursuant to <u>R</u>. 4:25-4, attorney, Brooke M. Barnett, Esq, of the Law Offices of

Brooke M. Barnett and Associates, P.C., is hereby designated trial counsel.

**BMB LAW FIRM, P.C.**
Attorneys for Plaintiff: Keylier Harris

/s/ Brooke M. Barnett
_____
BROOKE M. BARNETT, Esq.

Date: 5/11/16

## <u>CERTIFICATION</u>

Pursuant to <u>R</u>. 4:5-1, I certify that to the best of my knowledge the matter in

controversy is not the subject of any other action pending in any other court or

pending arbitration proceeding, not is any other arbitration proceeding contemplated.

**THE BMB LAW FIRM, P.C.**
Attorneys for Plaintiff: Keylier Harris

/s/ Brooke M. Barnett

_____
BROOKE M. BARNETT, Esq.

Date: 5/11/16

13