UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEYLIER V. HARRIS, <br><br> Plaintiff, <br><br> v. <br><br> SERGEANT F. SOTO, et al., <br><br> Defendants. | Civil Action No. 16-2551 (KM) <br><br> REPORT & RECOMMENDATION |

**CLARK, U.S.M.J.**

  **THIS MATTER** comes before the Court by way of an Order to Show cause issued *sua sponte* by the Court, per the undersigned, regarding why Plaintiff Keylier V. Harris' ("Plaintiff") Complaint in this matter should not be recommended for dismissal for failure to prosecute his claims. See Dkt. No. 53. Pursuant to Local Civil Rule 72.1a(2), the undersigned submits this Report and Recommendation for consideration by the Honorable Kevin McNulty, U.S.D.J. For good cause shown and for the reasons set forth herein, it is respectfully recommended that the Court dismiss Plaintiff's Complaint as he has failed to prosecute his claims.

**I. BACKGROUND**

  Plaintiff filed the instant Complaint against Defendants Sergeant Fidiberto Soto ("Soto") and Trooper Damon Crawford ("Crawford") of the New Jersey State Police, Colonel Joseph R. Fuentes, then-Superintendent of the New Jersey State Police, Robert Loughy, then-acting Attorney General of the State of New Jersey, John Does 1-5, and ABC Public Entities 1-5 (collectively "Defendants") on May 5, 2016. Dkt. No. 1. Plaintiff's Complaint asserts multiple federal civil rights claims against Defendants, as well as claims for negligent hiring, training, and supervision and for malicious prosecution. See Id. On June 10, 2016, without requesting leave from the Court, Plaintiff filed an Amended Complaint against

all Defendants. Dkt. No. 5. In response, on August 22, 2016, Defendants filed a Rule 12(b)6 Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted. Dkt. No. 9. On December 21, 2016, Judge McNulty granted Plaintiff leave to file his Amended Complaint, and considered the Defendants' motion to dismiss as a motion to dismiss Plaintiff's Amended Complaint. See Dkt. Nos. 16 and 17 respectively. Judge McNulty further granted in part and denied in part Defendants' motion to dismiss. See Id. Defendants' motion to dismiss was granted regarding all claims against all Defendants, except that the motion was denied with respect to the 42 U.S.C. § 1983 claims of malicious prosecution against defendants Soto and Crawford. See Id.

On January 4, 2017, defendants Soto and Crawford answered Plaintiff's Amended Complaint and a Pretrial Scheduling Order was subsequently entered by the Court. Dkt. Nos. 18 and 20 respectively. However, during the November 6, 2017 scheduled telephone status conference, Plaintiff's Counsel reported a lack of cooperation on Plaintiff's part in regards to this litigation and that she wished to withdraw as counsel for Plaintiff. In response, the Court issued an Order to Show Cause why Plaintiff's Counsel should not be allowed to withdraw as counsel for Plaintiff. Dkt. No. 27. The Court ordered Plaintiff's Counsel to serve Plaintiff with a copy of the Order and submit an affidavit to the Court regarding service of the Order or all efforts undertaken to effect service of the Order. See Id. The Order also warned that if Plaintiff failed to appear for the Order to Show Cause hearing, the Court would issue an Order to Show Cause as to why Plaintiff's Amended Complaint should not be recommended for dismissal based upon Plaintiff's failure to prosecute his claims. See Id. On January 9, 2018, the show cause hearing was held with Plaintiff neglecting to file any response to the Court's Order or even appearing for the hearing. See Dkt. No. 34. After oral arguments and careful consideration, the Court granted Plaintiff's Counsel's request to be withdrawn as counsel. See Id. In addition, the Court ordered

Plaintiff's Counsel to serve a copy of the Order on Plaintiff by regular and certified mail, return receipt requested, and file proof of such service with the Court. See Id.

On January 11, 2018, the Court issued a second Order to Show Cause directing Plaintiff to appear **in person** before the Court on March 1, 2018 and show cause why Plaintiff's Complaint should not be recommended for dismissal because of Plaintiff's failure to prosecute his claim. Dkt. No. 35.  In additon, Plaintiff was ordered to submit a position paper by February 9, 2018, outlining why his case should not be dismissed. See Id.  Defense Counsel was ordered to serve a copy of the Order to Show Cause on Plaintiff by regular and certified mail, return receipt requested, and provide the Court with an affidavit showing proof of service. See Id.  Plaintiff was again warned that if he failed to appear for the Order to Show Cause hearing, the Court would recommend that Plaintiff's Complaint should be dismissed based upon Plaintiff's failure to prosecute his claim. See Id.

On March 1, 2018, Plaintiff did in fact appear for the show cause hearing and further provided the Court with his new address and contact number. See Dkt. No. 38.  The Court instructed Plaintiff that by no later than April 2, 2018, he should either obtain new counsel and have such counsel file a notice of appearance in this matter or proceed in this matter *pro se*.  See Dkt. No. 39.  The Court further ordered that a telephone status conference be held with the parties on April 6, 2018. See Id.  The telephone status conference was later adjourned to April 23, 2018 and Plaintiff failed to participate. See Dkt. No. 42. Because of Plaintiff's failure to appear for the April 23, 2018 telephone status conference, the telephone status conference was adjourned to May 15, 2018. See Id.  Despite the adjournment, Plaintiff similarly failed to participate in the May 15, 2018 telephone status conference.  See Dkt. No. 43.  Accordingly, the May 15, 2018 telephone status conference was adjourned to June 14, 2018. See Id.  However, the Court warned that if Plaintiff failed to appear and participate in the June 14, 2018 telephone status

3

conference, the Court would issue an Order to Show Cause why Plaintiff's Complaint should not be recommended for dismissal based upon Plaintiff's failure to prosecute his claims. See Id.

Plaintiff did appear and participate in the June 14, 2018 scheduled telephone status conference. See Dkt. No. 44. During the telephone status conference, the Court ordered Plaintiff to respond to all extant written discovery by June 29, 2018, with overall fact discovery to be completed by August 31, 2018. See Id. In spite of the Court's Order, the undersigned received a letter [Dkt. No. 45] from Defense Counsel, dated July 13, 2018, indicating that Plaintiff had failed to provide responses to the extant written discovery.

On September 6, 2018, the Court issued a third Order to Show Cause directing Plaintiff to appear **in person** before the Court on October 9, 2018 to show cause why Plaintiff's Complaint should not be recommended for dismissal for Plaintiff's failure to prosecute his claim. Dkt. No. 46. Plaintiff was further ordered to submit a position paper outlining why his case should not be dismissed by no later than September 28, 2018. See Id. Defense Counsel was ordered to serve a copy of the Court's Order on Plaintiff by regular and certified mail, return receipt requested, and provide the Court with an affidavit showing proof of service. See Id. The Court also warned Plaintiff again that if he failed to appear for the show cause hearing, the Court would recommend that Plaintiff's case be dismissed based upon Plaintiff's failure to prosecute his claims. See Id.

On the very same day the Court issued a third Order to Show Cause, Plaintiff supplied the Court with his Answers to Defendants' Interrogatories. Dkt. No. 48. Although Plaintiff provided this discovery, Plaintiff did so nearly two months after the Court ordered Plaintiff to do so and after the fact discovery end date had expired. See Dkt. No. 44. Moreover, on September 28, 2018, Plaintiff did in fact provide the Court with a written submission [Dkt. No. 49] regarding why Plaintiff's Complaint should not be dismissed, claiming issues with receiving the Court's Orders by mail.

Nonetheless, on October 9, 2018, Plaintiff failed to appear for the show cause hearing despite the Court's warning that Plaintiff's failure to appear would result in the Court recommending that Plaintiff's Complaint be dismissed. Ironically, the undersigned did receive a letter from Plaintiff [Dkt. No. 52] on October 11, 2018, claiming that Plaintiff was present at the courtroom but was late because the "bus was slow." See Id. Because Plaintiff submitted a position paper outlining why his case should not be dismissed and submitted a letter to the Court regarding his reasons for failing to appear, the Court issued its fourth Order to Show Cause on February 19, 2019, directing Plaintiff to appear **in person** before the Court on March 27, 2019 to show cause why Plaintiff's Complaint should not be recommended for dismissal for Plaintiff's failure to prosecute his claim. Dkt. No. 46. Defense Counsel was ordered to serve a copy of the Court's Order on Plaintiff by regular and certified mail, return receipt requested, and provide the Court with an affidavit showing proof of service. See Id. The affidavit showing proof of service was filed on February 21, 2019. Dkt. No. 54. The Court, for the fourth time, warned Plaintiff that if he failed to appear for the show cause hearing, the Court would recommend that Plaintiff's case be dismissed based upon Plaintiff's failure to prosecute his claims. See Id. Despite the Court's repeated warnings, on March 27, 2019, Plaintiff failed to appear for the scheduled show cause hearing yet again.

## II.     DISCUSSION

Dismissal of a plaintiff's complaint may be appropriate under Federal Rule of Civil Procedure 41(b) "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Under Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984), the United States Court of Appeals for the Third Circuit provided the factors that this Court must weigh in determining whether to dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b). See also Lee v. Volpe Express Inc., 2017 U.S. Dist. LEXIS 215279, *3-4 (D.N.J. Oct. 20, 2017). Specifically, the Court must consider six factors in deciding whether the sanction of dismissal is appropriate: (1) the extent of the party's

personal responsibility; (2) the prejudice to the adversary; (3) a history of dilatoriness; (4) the willful or bad faith conduct of an attorney; (5) the effectiveness of alternative sanctions; and (6) the meritoriousness of the claim or defense. Lee, 2017 U.S. Dist. LEXIS 215279 at *3-4 (citing Poulis, 747 F.2d at 868; see also Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002) (applying Poulis factors). No single Poulis factor is dispositive, and dismissal may be appropriate even if some of the factors are not met. See Lee, 2017 U.S. Dist. LEXIS 215279 at *3-4 (citing Mahamed Vrlaku v. Citibank, Civ. No. 05-1720, 2005 U.S. Dist. LEXIS 43080, 2005 WL 2338852, *2-3 (D.N.J. Sept. 22, 2005) (noting that "[a] Court may raise a motion to dismiss an action under Rule 41 *sua sponte* under its inherent case management powers.")); see also Opta Sys., LLC v. Daewoo Electronics Am., 483 F. Supp. 2d 400, 404 (D.N.J. 2007) ("A failure to comply with court orders, failure to respond to discovery or other failure to act is sufficient to constitute lack of prosecution." (citations omitted)).

      The Court finds that all of the Poulis factors, save the willful or bad faith conduct of an attorney, clearly weigh in favor of dismissing Plaintiff's Complaint for Plaintiff's failure to prosecute his claims. As previously noted, Plaintiff has failed to comply with multiple orders issued by this Court. Moreover, Plaintiff has failed to demonstrate to the Court any sufficient, sustained initiative to prosecute the claims that he has asserted. Specifically, when the Court issued the first Order to Show Cause on November 6, 2018, Plaintiff neglected to file any response to the Court's Order or even appear for the show cause hearing. Plaintiff subsequently failed to participate in multiple telephone status conferences scheduled by the Court. Subsequently, once Plaintiff did participate in a telephone status conference, Plaintiff failed to comply with the ensuing Court's Order to supply extant written discovery to the Defendants by the Court's deadline. The Court does note that Plaintiff did comply with the Court's Order to provide a written submission before the October 9, 2018 show cause hearing. However, Plaintiff failed to appear before the undersigned for both the October 9, 2018 and March 27, 2019 show cause hearings. The

Court has warned Plaintiff on multiple occasions that failure to abide by the Court's Orders would result in a recommendation that Plaintiff's Complaint be dismissed. Plaintiff, by and large, has failed to abide by the Court's repeated warnings. Therefore, it is respectfully recommended that Plaintiff's Complaint be dismissed.

### III.     CONCLUSION AND ORDER

**IT IS** on this 1th day of April, 2019,

**RECOMMENDED** that Plaintiff's Complaint in this matter be dismissed because Plaintiff has failed to prosecute his claims; and it is further

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report & Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. The Clerk of Court is directed to serve the parties with electronic notice upon filing this Report and Recommendation.

**ORDERED** that Defense Counsel shall serve a copy of this Report and Recommendation on Plaintiff by regular and certified mail, return receipt requested, within three (3) days of this Report and Recommendation, and shall provide the Court with an affidavit showing proof of service.

s/James B. Clark, III<br>
**HONORABLE JAMES B. CLARK, III**<br>
**UNITED STATES MAGISTRATE JUDGE**