UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KEYLIER HARRIS

Plaintiff,

v.

SERGEANT F. SOTO, et al,

Defendants.

Civil Action No. 16-2551(KM)

OPINION AND ORDER

**THIS MATTER** comes before the Court on a Motion by *pro se* Plaintiff Keylier Harris for the appointment of *pro bono* counsel pursuant to 28 U.S.C. §1915(e). [ECF No. 47]. Plaintiff's Motion is unopposed. For the reasons set forth below, Plaintiff's Motion for the appointment of *pro bono* counsel [ECF No. 47] is **DENIED.**

Plaintiff initiated this civil rights action on May 5, 2016 alleging, *inter alia*, malicious prosecution under 42 U.S.C. § 1983. ECF No. 1. After filing an Amended Complaint, Defendants moved to dismiss all the claims asserted against them. ECF No. 9. In an Opinion and Order dated December 21, 2016, the Honorable Judge Kevin McNulty dismissed all claims against all Defendants except for the malicious prosecution claims against Defendant Fidiberto Soto and Damon Crawford (collectively, the "Defendants"). ECF Nos. 16, 17. Following the filing of the Defendants' responsive pleading (ECF NO. 18), the undersigned conducted an initial scheduling conference where he set deadlines for discovery and motion practice. ECF No. 20.

On September 6, 2018, Plaintiff filed a motion seeking the appointment of counsel under 28 U.S.C. §1915(e), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to

appoint *pro bono* counsel involves a two-step analysis. First, a court must determine, as a threshold matter, whether a plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If a court finds that the action arguably has merit, it should then consider the following factors:

1) the plaintiff's ability to present his or her own case;
2) the complexity of the legal issues;
3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigations;
4) the amount a case is likely to turn on credibility determinations;
5) whether the case will require the testimony of expert witnesses; and
6) whether the plaintiff can attain and afford counsel on his own behalf

*Parham v. Johnson,* 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-157). This list is not exhaustive, but rather provides guideposts for the Court. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (additional citations omitted). A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157-158. Additionally, the Third Circuit Court of Appeals has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery,* 294 F.3d 499 (citing *Parham*, 126 F.3d at 458).

Recognizing that the appointment of counsel is a privilege and not a statutory or constitutional right, the Court finds that the appointment of counsel at this stage of litigation is not warranted. Prior to seeking *pro bono* counsel, Plaintiff previously obtained private counsel to represent him in this matter. Brooke Barnett, Esq. represented Plaintiff for almost two-years before being permitted to withdraw as Counsel in this litigation. During the in-person conference to address Mr. Barnett's request to withdraw, Ms. Barnett explained that Plaintiff failed to participate or communicate with counsel in this matter. In fact, Plaintiff failed to appear, as required, for the in-person conference which prompted the Court to issue an Order directing Plaintiff to show cause

why his Complaint should not be recommended for dismissal. ECF No. 35. After some delay and multiple conferences, on April 1, 2019, the undersigned recommended to Judge McNulty that Plaintiff's case be dismissed for failure to prosecute his claims. ECF No. 55. Because a decision has not yet been rendered on the undersigned's recommendation, the Court finds that a decision on the merits of Plaintiff's motion is not warranted at this time. Accordingly, Plaintiff's motion for *pro bono* counsel is **DENIED** without prejudice.

**IT IS** on this 8th day of April, 2019,

**ORDERED** that Plaintiff's Motion for the appointment of *pro bono* counsel [ECF No. 47] is **DENIED WITHOUT PREJUDICE**.

 s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**